FILED
United States Court of Appeals
Tenth Circuit

June 8, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 08-4143 |
| v. | (D. Utah) |
| JOSE ALFREDO LOPEZ-GUTIERREZ, | (D.C. No. 2:05-CR-00867-TS-1) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

**I. Introduction**

Defendant-Appellant Jose Alfredo Lopez Gutierrez appeals his conviction

for Possession of Methamphetamine With Intent to Distribute in violation of 21

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 841(a)(1). On appeal he argues the district court failed to suppress evidence seized during a search of the car he was driving. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we **affirm** the district court's denial of the suppression motion because the police had reasonable suspicion to temporarily detain Lopez while a dog sniff was conducted, and had probable cause to search the vehicle when the dog alerted to drugs.

## II. Background

Lopez was pulled over in Cedar City, Utah, for tailgating, making an improper lane change, and possessing tinted windows darker than allowable under state law. A female passenger was riding in the vehicle. When the officer approached and looked inside the vehicle, he immediately noticed scarring on the seat belt bolts and a reattached airbag compartment in the dashboard. Based on his training, the officer considered both of these alterations to the vehicle's interior to be indicative of hiding places for contraband. The officer also observed one picture of Jesus Malverde affixed to the dashboard and another hanging from Lopez's necklace. The officer recognized the images of Jesus Malverde, who is considered a patron saint by some drug traffickers. The officer observed an air freshener, which he thought might be used to mask the smell of drugs, as well as a rose on the dashboard, which he characterized as a "distraction." Finally, the officer observed three cell phones in the vehicle's center console. He believed, based on his training and experience, that

-2-

individuals engaged in criminal activity often carried extra cell phones to have multiple lines of communication available. Lopez told the officer he and the passenger were returning to Kansas after spending "about a week" in Las Vegas on vacation. The officer observed only one small suitcase in the vehicle, however, which in his view was less luggage than would be expected for a trip of that duration.

The officer asked Lopez to return with him to the patrol vehicle to receive a written warning. When Lopez got out of his car, instead of following the officer to the patrol vehicle, he assumed a position to be frisked for weapons. The officer told him a frisk was not necessary and motioned him to sit in the patrol car. Once in the patrol car, while the officer was writing out the warning, he asked additional questions about Lopez's travels. Lopez changed his account about the duration of the trip, now saying it had been three or four days. Lopez also, without prompting, told the officer a friend had taken the vehicle overnight while Lopez was in Las Vegas. The officer testified this spontaneous statement was suspicious and interpreted it as an attempt by Lopez to distance himself from any contraband that might be found in the vehicle.

Prior to giving Lopez the written warning he had been preparing, the officer asked Lopez if there was anything illegal in the vehicle. Lopez said no. The officer then asked if he could search the vehicle, and Lopez said yes. The officer then returned to Lopez's vehicle and briefly questioned the female

passenger. She said the two had been staying in a motel, which contradicted Lopez's account of them staying with a friend. The officer then deployed his certified drug sniffing dog, Gino, for a sweep around the exterior of the vehicle. Gino alerted to the rear of the vehicle, so the officer opened the rear cargo door and deployed Gino inside the vehicle. The dog then indicated at the area between the second and third rows of seats. The officer searched that area by hand and discovered 6.73 pounds of methamphetamine hidden inside one of the rear seats.

At trial, Lopez attempted to suppress the methamphetamine, arguing the search was conducted without probable cause or valid consent. The district court rejected the suppression request, ruling Lopez did not have a legitimate possessory interest in the vehicle to assert a Fourth Amendment violation,[1] and even if he did, the officer had both probable cause to search the vehicle and valid consent. Lopez pleaded guilty, and now appeals.

## III. Discussion

A district court's decision on a motion to suppress evidence is reviewed de novo. *United States v. Contreras*, 506 F.3d 1031, 1035 (10th Cir. 2007). The factual findings underlying its decision, however, are reviewed for clear error. *Id.*

---

[1]The vehicle's expired registration was in the name of a third party, and Lopez was unable to provide the officer with the owner's full name or telephone number. There was, however, an expired insurance card indicating the vehicle had been insured by Lopez.

Lopez does not contend his initial traffic stop was invalid. Rather, he argues the government unlawfully prolonged the traffic stop and searched the interior of his vehicle without valid consent. The police may search the interior of a vehicle if there is probable cause that there is contraband inside the vehicle. *See United States v. Vazquez*, 555 F.3d 923, 929 (10th Cir. 2009). An alert by a certified drug-sniffing dog during a sweep of the exterior of the vehicle can give probable cause to search the interior. *Id.* at 929-30; *United States v. Clarkson*, 551 F.3d 1196, 1203 (10th Cir. 2009).

Here, Gino's alert, along with the other information known to the officer at the time, created probable cause to search the interior of the vehicle. The only issue is whether Lopez was being lawfully detained when the sweep with Gino commenced. A traffic stop may be extended if the officer has reasonable articulable suspicion of criminal activity. *Vazquez*, 555 F.3d at 929. Reasonable suspicion is a "particularized and objective basis for suspecting the person stopped of criminal activity." *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1259 (10th Cir. 2006) (quotation omitted). "It represents a minimum level of objective justification which is considerably less than proof of wrongdoing by a preponderance of the evidence." *Id.* at 1260 (quotations omitted). This court "accords appropriate deference to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions." *Clarkson*, 551 F.3d at

1201 (quotation omitted). Reasonable suspicion is determined based on the totality of the circumstances present. *Id.*

The record indicates the traffic stop became prolonged, at the earliest, when the officer began asking additional questions while sitting in the patrol car with Lopez.[2] At that point, the officer had ample reason to be suspicious of possible drug trafficking. There were multiple signs of hidden compartments in the interior of the vehicle. There was an air freshener and a rose in the car, which the officer suspected were devices to mask the scent of drugs. There were more cell phones in the car than passengers. There were multiple images of Jesus Malverde, considered by some to be a patron saint of drug traffickers. Lopez and his companion had less luggage than would be expected for a week-long vacation. Finally, Lopez automatically assumed a position to be frisked for weapons without being asked to do so. These factors taken together, particularly the evidence of the hidden compartments, gave rise to a reasonable suspicion that Lopez may have been engaged in drug trafficking. The police officer was therefore justified in prolonging the length of the traffic stop.

---

[2]The record is unclear as to when the officer completed filling out the warning while he was questioning Lopez in the patrol vehicle. Once the written warning was completed, the officer's refusal to give Lopez the warning meant Lopez was not free to terminate the encounter and thus was still being detained beyond the original purpose of the traffic stop, which required reasonable suspicion of some criminal activity. It is unnecessary to determine the precise point during the questioning when the stop became prolonged, however, because the officer had reasonable suspicion to prolong the stop before the questioning began.

The police officer's questioning prior to the deployment of the drug-sniffing dog only served to heighten his suspicions and further justify the detention. Lopez gave an inconsistent statement about the length of his stay in Las Vegas and spontaneously told the officer that the vehicle had been in his friend's possession overnight. The passenger in the car told the officer they had stayed in a motel, not in a friend's house as Lopez had indicated. These inconsistencies gave the officer justification to prolong the traffic stop further and deploy Gino. Therefore, the detention was lawful at the time Gino alerted to drugs inside the vehicle.[3]

## IV. Conclusion

The district court correctly denied Lopez's motion to suppress because the police had probable cause to conduct the search following a lawful detention. Therefore, the district court's decision is **affirmed.**

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[3]The government contends, and the district court ruled, that Lopez did not demonstrate a possessory interest in the vehicle sufficient to permit him to assert a Fourth Amendment violation. It is unnecessary to reach this issue on account of the officer having probable cause to search the vehicle. Likewise, it is unnecessary to address the government's other contention that Lopez gave valid consent to search the vehicle, because the search was lawful even in the absence of consent.